19th JDC

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARQUEE ACQUISITIONS, LLC           CIVIL ACTION

VERSUS

HIGHLANDER CONDOMINIUMS,           NO.:13-00596-BAJ-SCR
LLC, ET AL.

## RULING AND ORDER

Before the Court is Plaintiff Marquee Acquisitions LLC 's **Motion to Dismiss SBA Without Prejudice and to Remand to State Court (Doc. 18)**, seeking an order from this Court dismissing the United States Small Business Administration ("SBA") as a defendant in the above captioned matter. Plaintiff asserts it has determined that the SBA "is not a necessary or indispensable party to this action" and thereby moves for the SBA's dismissal. (Doc. 18, at 1.) Plaintiff also seeks an order remanding the above captioned matter to State Court, on the basis that the case's removal was only proper because the Defendant SBA is a federal agency. As the SBA's dismissal will leave only pending state law issues, Plaintiff avers that the Court should exercise its discretion to decline jurisdiction and remand the case back to State Court. (*Id.*) The motion is unopposed. Oral argument is not necessary.

I.     DISCUSSION

Plaintiff asserts that "[p]ursuant to 28 U.S.C. § 1447(c), [the] Court should exercise its discretion to decline jurisdiction over the ancillary claims, which involve

only state court issues once the federal agency the SBA has been dismissed from the case [sic] . . ." (Doc. 18-1, at 2.) Plaintiff also contends that, in this case, comity and judicial economy supports remand, as well as the fact that the case is in its early stages, with no discovery deadlines or trial date having yet been set. (*Id.*) Further, Plaintiff asserts that courts overwhelmingly indicate that "once a federal party has been eliminated from a suit after removal under 28 U.S.C. § 1442(a) and the remaining claims involve solely state law issues, the district court should not exercise ancillary or pendant-party jurisdiction over these remaining non-federal parties" if fairness would not be sacrificed by remand.[1] (*Id.*)

The Court finds the law cited by Plaintiff to be applicable in this case. Here, federal jurisdiction is based on 28 U.S.C. § 1442(a), which provides for removal of any action against the United States, officer, or agency thereof. However, "[i]f the federal party is dismissed from the suit after removal, [the] Court retains the power either to adjudicate the underlying state law claims or remand the case to state court." *Thweatt v. Grant*, 2011 WL 1526940, * 1 (N.D. Miss. 04/21/11) (citing *District of Columbia v. Merit Sys. Protection Bd.*, 762 F.2d 129, 133 (D.C. Cir. 1985)). The United States Court of Appeals for the Fifth Circuit counseled that, "through its creation of an ancillary jurisdiction, [the statute] confers discretion on the district court to decline to exercise continued jurisdiction over [a plaintiff's] claim once [a federal agency] drop[s] out of the

---

[1] Plaintiff directs the Court to several cases, including *District of Columbia v. Merit System Protection Board*, 762 F.2d 129 (D.C. Cir. 1985), and *Spencer v. New Orleans Levee Board*, 737 F. 2d 435, 438 (5th Cir. 1984).

case." *IMFC Professional Service of Florida, Inc., v. Latin American Home Health, Inc.*, 676 F. 2d 152, 160 (5th Cir. 1982). "Once this discretion to decline jurisdiction is exercised, the proper procedure is to remand the case under § 1447(c), for at this point the case becomes one 'removed improvidently and without jurisdiction.'" (*Id.*)

After a review of the record, and noting no opposition to the instant motion, the Court finds the dismissal of the SBA as a party to be proper. The Court also finds that the SBA's dismissal leaves only pendant state law claims to be adjudicated. As such, in the interest of fairness to all parties involved and judicial economy, the Court declines to exercise jurisdiction over the remaining claims and remands this action to the appropriate state court.

## II. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff Marquee Acquisitions LLC 's **Motion to Dismiss SBA Without Prejudice and to Remand to State Court (Doc. 18)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant the United States Small Business Administration ("SBA") is **DISMISSED**, without prejudice, from the above captioned matter.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

IT IS FURTHER ORDERED that United States Small Business Administration's **Motion to Dismiss (Doc. 8)** is **DENIED** as moot.

IT IS FURTHER ORDERED that Plaintiff Marquee Acquisition's **Motion to Dismiss (Doc. 11)** is **DENIED** as moot.

Baton Rouge, Louisiana, this 9th day of June, 2014.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**